IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRY SHARLENE JOSEPH-STEWART,    No. 2:16-CV-0975-CMK

    Plaintiff,

  vs.    MEMORANDUM OPINION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

        Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's cross-motion for summary judgment (Doc. 21).

/ / /

/ / /

/ / /

1

# I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 5, 2012. In the application, plaintiff claims that disability began on November 3, 2011. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on April 1, 2014, before Administrative Law Judge ("ALJ") Amita B. Tracy. In a July 24, 2014, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

1. The claimant has the following severe impairment(s): diabetes, type 2; peripheral neuropathy; lumbar degenerative disc disease (DDD); high blood pressure (HBP); anxiety; depression; asthma with chronic obstructive pulmonary disease (COPD); irritable bowel syndrome (IBS); and sleep apnea;

2. The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

3. The claimant has the following residual functional capacity: the claimant can perform light work; she can stand/walk for four hours in an eight-hour workday; she can perform simple repetitive tasks; she needs to use a cane for ambulation; and

4. Considering the claimant's age, education, work experience, residual functional capacity, and vocational expert testimony, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on March 4, 2016, this appeal followed.

# II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole,

including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed. See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive. See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III. DISCUSSION

Plaintiff argues: (1) the ALJ failed to provide sufficient reasons for rejecting the opinions of treating physician, Dr. Cabayan; (2) the ALJ failed to provide sufficient reasons for rejecting plaintiff's testimony as not credible; (3) the ALJ failed to provide sufficient reasons for rejecting lay testimony; and (4) the Appeals Council failed to properly consider additional evidence.

**A.** **Evaluation of Medical Opinions**

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional. See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987). The least weight is given

to the opinion of a non-examining professional. See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether: (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons supported by substantial evidence in the record. See Lester, 81 F.3d at 831. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence. See Lester, 81 F.3d at 830. This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding. See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989). Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional. See Lester, 81 F.3d at 830-31. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See id. at 831. In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

As to Dr. Cabayan, the ALJ stated:

> On January 31, 2014, Qualified Medical Examiner (QME), Dr. Vatche Cabayan, stated that claimant had persistent low back pain (Exhibit 6F/2). Claimant was walking with a cane and was taking Norco to be functional. An MRI of the lumbar spine dated December 6, 2013, showed early disc degeneration at L2-L3 and L4-L5 with diffuse disc protrusion. The

4

|   |   |
|---|---|
| 1 | diagnosis was discogenic lumbar condition with radicular component down the lower extremities and negative EMGs; weight gain of 30 pounds, present weight: 200 pounds; depression; and headaches related to the pain. She was seeing Dr. Bokarius for counseling and was receiving Buspar, Effexor, and Trazodone from his office. She requested refills and received prescriptions for Norco for moderate-to-severe pain as well as Topiramate for neuropathic pain and headaches, naproxen sodium for inflammation, Protonix for upset stomach, and LidoPro lotion and Terocin patches for topical relief. She will continue with back brace and TENS unit. Also, she will continue with ice, heat, and home exercising, stretching and strengthening as tolerated. She was referred to a pain specialist for possible injection. Dr. Cabayan stated that she should avoid repetitive bending, twisting, stairs, hills, inclines, and squatting (Exhibit 6F/3). |

According to plaintiff, the ALJ failed to address Dr. Cabayan's opinion that plaintiff required a sit/stand option (specifically Dr. Cabayan's opinions expressed in March and December 2013 that plaintiff could perform intermittent sitting, standing, and walking activities "as tolerated," and the doctor's April 2013 opinion that plaintiff should avoid prolonged sitting, standing, and walking).

The court finds no error. To the extent Dr. Cabayan opined that plaintiff requires a sit/stand option, the ALJ accepted that limitation in finding that plaintiff can perform light work. See Social Security Ruling 83-10 ("light work" requires standing or walking *off and on* and sitting may occur *intermittently*) (emphasis added).

### B. Credibility Assessment

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons. See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996). An explicit credibility finding must be supported by specific, cogent reasons. See Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990). General findings are insufficient. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995). Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony. See id. Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing." See id.; see also Carmickle v. Commissioner, 533 F.3d

1155, 1160 (9th Cir. 2008) (citing Lingenfelter v Astrue, 504 F.3d 1028, 1936 (9th Cir. 2007), and Gregor v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006)).

If there is objective medical evidence of an underlying impairment, the Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely because they are unsupported by objective medical evidence. See Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir. 1991) (en banc). As the Ninth Circuit explained in Smolen v. Chater:

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof. Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom. By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.
>
> 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799 F.2d 1403 (9th Cir. 1986)).

The Commissioner may, however, consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. See Bunnell, 947 F.2d at 345-47. In weighing credibility, the Commissioner may also consider: (1) the claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5) physician and third-party testimony about the nature, severity, and effect of symptoms. See Smolen, 80 F.3d at 1284 (citations omitted). It is also appropriate to consider whether the claimant cooperated during physical examinations or provided conflicting statements concerning drug and/or alcohol use. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002). If the claimant testifies as to symptoms greater than would normally be produced by a given impairment, the ALJ may disbelieve that testimony provided specific findings are made. See Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

As to plaintiff's credibility, the ALJ stated:

> Claimant's allegations are partially credible. Claimant appears credible and sincere, but the evidence does not support her allegations to the extent alleged, and the medications seem to work (Exhibit 5F). Claimant has generally been compliant with prescription medications (Exhibit 4F 5F). However, she continued to smoke against medical advice (testimony and Exhibit 5F/94).

Plaintiff argues that the ALJ's lengthy discussion of the medical evidence that followed the above "does not lend itself easily to meaningful judicial review. . . ." Plaintiff also argues that the ALJ's statement that her "medications seem to work" is too vague. Finally, plaintiff argues that the ALJ offered a reference to plaintiff's continued smoking "as a way of neutralizing her compliance with medications, which normally supports a claimant's credibility."

The court finds no error. As defendant notes, the ALJ properly considered evidence showing that plaintiff responded well to medication. See Warre v. Commissioner of Social Security, 439 F.3d 1001 (9th Cir. 2006). The court does not agree with plaintiff that the ALJ's statement that plaintiff's "medications seem to work" is vague given the numerous instances reflected in the record where plaintiff stated that her symptoms were improved with medication. Moreover, the ALJ properly detailed a conservative course of treatment inconsistent with debilitating symptoms. Finally, though plaintiff states that she does not smoke very much and is trying to quit, the fact remains that she continues to smoke despite COPD and recommendations that she quite completely. The ALJ was also entitled to consider this fact.

C. **Lay Witness Evidence**

In determining whether a claimant is disabled, an ALJ generally must consider lay witness testimony concerning a claimant's ability to work. See Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e). Indeed, "lay testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence . . . and therefore cannot be disregarded without comment." See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Consequently, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." Dodrill, 12 F.3d at

919. The ALJ may cite same reasons for rejecting plaintiff's statements to reject third-party statements where the statements are similar. See Valentine v. Commissioner Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) (approving rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the claimant's complaints).

Lay evidence was presented by plaintiff's sister. As to this evidence, the ALJ stated:

> In a third party statement dated June 9, 2012, claimant's sister, Bridgette Joseph-Green, repeats claimant's subjective complaints (Exhibit 4E). The evidence shows that claimant has certain limitations, but is not precluded from all work activity.

Plaintiff argues that the ALJ's analysis fails to specify any reason germane to Ms. Joseph-Green, and that the ALJ's rationale is "impermissibly vague." The court does not agree. In essence, by noting that Ms. Joseph-Green's testimony repeated plaintiff's testimony, the ALJ properly rejected the lay witness statements for the same reasons the ALJ rejected plaintiff's statements.

### D. Additional Evidence

When evidence is submitted for the first time to the Appeals Council, and where the Appeals Council considers that evidence in denying review, the new evidence is part of the record which this court must consider in determining whether the ALJ's decision is supported by substantial evidence. See Brewes v. Commissioner of Social Security, 682 F.3d 1157 (9th Cir. 2012).

According to plaintiff, she submitted "a considerable amount of probative, material evidence that the ALJ had not seen" upon requesting review by the Appeals Council of the July 2014 decision. Plaintiff argues that the Appeals Council erred in stating that it had reviewed this evidence but concluding that it did "not provide a basis for changing the Administrative Law Judge's decision. . . ." Specifically, plaintiff notes that the Appeals Council's order failed to discuss any of the medical opinions contained in the new evidence.

Plaintiff argues that the new evidence is notable in that it contains the September 2014 opinion of treating psychiatrist, Dr. Bokarius, supporting a finding of disabling mental impairments. Plaintiff also states that the new evidence contains a January 2014, report by Dr. Rosenberg regarding physical limitations. Finally, plaintiff states that the new evidence provides additional support for Dr. Cabayan's opinion that plaintiff requires a sit/stand option.

A review of the new evidence reflects a September 18, 2014, medical source statement provided by qualified medical examiner V. Bokarius, M.D., Ph.D. Dr. Bokarius opined that plaintiff has marked limitation in her ability to interact with co-workers, supervisors, and the public. The doctor also opined that plaintiff is moderately limited in her ability to understand, remember, and carry out simple one-or-two job instructions. Dr. Bokarius opined that plaintiff is extremely limited in her ability to understand, remember, and carry out extensive technical or complex instructions, ability to maintain concentration and attention for at least two-hour increments, and ability to withstand the stress and pressure associated with day-to-day work activity over an eight-hour workday. Dr. Bokarius stated that plaintiff "has only partially responded to treatment" and added that her prognosis is "guarded."

The new evidence also contains a January 21, 2014, report by Jacob Rosenberg, M.D., also a qualified medical examiner. The doctor noted that plaintiff had not had active care "for a long time" and that "she really does not know any exercises to do, which would certainly facilitate her recovery." Dr. Rosenberg opined that, with physical therapy, plaintiff would "improve adequately to return to some employment."

As to Dr. Rosenberg's report, plaintiff has not identified any opinions which are inconsistent with the ALJ's residual functional capacity finding. To the extent the doctor's statement that plaintiff could work in the future with physical therapy implies that the doctor believed that she was incapable of working now, the question of disability is a legal determination reserved to the agency. As to new records from Dr. Cabayan supporting the doctor's opinion that plaintiff requires a sit/stand option, as discussed above, that opinion was

accepted by the ALJ and included in the finding that plaintiff has the residual functional capacity to perform light work.

Dr. Bokarius, however, expressed several opinions in the September 18, 2014, medical source statement which were not included in the ALJ's residual functional capacity finding. Specifically, Dr. Bokarius opined that plaintiff has marked limitation in her ability to interact with co-workers, supervisors, and the public. The doctor also opined that plaintiff is extremely limited in her ability to maintain concentration and attention for at least two-hour increments, and withstand the stress and pressure associated with day-to-day work activity over an eight-hour workday. By failing to specifically discuss these opinions, the Appeals Council's decision does not provide any rationale supporting the agency's tacit rejection of Dr. Bokarius' opinions. The matter will be remanded for consideration of Dr. Bokarius' September 2014 opinions.

### IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for summary judgment (Doc. 16) is granted;
2.  Defendant's cross motion for summary judgment (Doc. 21) is denied;
3.  This matter is remanded for further proceedings; and
4.  The Clerk of the Court is directed to enter judgment and close this file.

DATED:  October 12, 2017

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE